Chris **KOHLER**, Plaintiff–Appellant,

v.

**MIDWAY LAND, LLC and Sea Financial, Inc., Defendants–Appellees.**

**No. 13–55759.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2015.

Filed Feb. 9, 2015.

Scottlynn J. Hubbard, Esquire, Law Offices of Lynn J. Hubbard, IV, Chico, CA, for Plaintiff–Appellant.

Murray M. Bankhead, Bankhead & Howard LLP, San Diego, CA; Kathryn Karcher, Esquire, Karcher Harmes LLP, Bainbridge Island, WA, for Defendants–Appellees.

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

---

Before: REINHARDT and GOULD, Circuit Judges, and MOTZ, Senior District Judge.*

MEMORANDUM **

In this case, brought under the ADA, the district court granted summary judgment to the defendants. It concluded that although "there would be a material issue of fact with respect to the slope of the areas challenged by Plaintiff because [Plaintiff's and Defendants' witnesses, both of whom made measurements after remediation had purportedly occurred,] reach contrary conclusions," Kohler's witness had not demonstrated his qualifications to serve as an expert witness; therefore, it refused to consider his declaration.

Subsequently, we held in *Strong v. Valdez Fine Foods*, 724 F.3d 1042 (9th Cir. 2013), that a disabled plaintiff complaining of precisely the same barrier—excessive slopes in a parking lot—was not required to offer expert evidence or precise measurements to survive summary judgment. We therefore vacate the portion of the district court's judgment challenged on appeal and remand this case for reconsideration in light of *Strong*.[1]

**VACATED and REMANDED.**

**Costs awarded to Kohler.**

---

* The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We also conclude that the allegations in Kohler's complaint and declaration are suffi-

cient to establish standing under *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir.2011) (en banc).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.